IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEATRIZ JIMENEZ, *et al.*, | : |
| Plaintiffs, | : 2:07-cv-01066-RBS |
| v. | : |
| ROSENBAUM-CUNNINGHAM, INC., *et al.*, | : |
| Defendants. | : |

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR A DEFAULT
JUDGMENT AGAINST DEFENDANTS RICHARD
ROSENBAUM AND EDWARD SCOTT CUNNINGHAM**

Plaintiffs submit this brief in support of their motion for entry of a default judgment against Defendants Richard Rosenbaum ("Rosenbaum") and Edward Scott Cunningham ("Cunningham") pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* Doc. 43.

**I. PERTINENT BACKGROUND**

On March 19, 2007, Plaintiffs commenced this action against, *inter alia*, Cunningham and Rosenbaum by filing with this Court a complaint. *See* Doc. 1.

**A.** *Facts Pertaining to Cunningham*

On April 23, 2007, Plaintiff served the complaint on Cunningham by overnight mail pursuant to Federal Rule of Civil Procedure 4(d). On April 24, 2007, Cunningham's "Designated Service Agent" accepted service of the complaint, and an appropriate and fully executed Waiver of Service of Summons form was promptly filed with this Court. *See* Doc. 4. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), Cunningham's

responsive pleading was due on June 22, 2007. *See* Doc. 4. However, Cunningham has neither filed a responsive pleading nor sought to appear before this Court.

### B. *Facts Pertaining to Rosenbaum*

On June 27, 2007, the Summons and Complaint was served on Rosenbaum by personal service. *See* Doc. 15. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Rosenbaum's responsive pleading was due on July 17, 2007. *See* Doc. 15. However, Rosenbaum has neither filed a responsive pleading nor sought to appear before this Court.

### C. *The Clerk's Entry of a Default Against Cunningham and Rosenbaum*

On September 6, 2007, Plaintiffs, pursuant to Federal Rule of Civil Procedure 55(a), requested that the Clerk of Court enter a default against Cunningham and Rosenbaum. *See* Doc. 42. On September 7, 2007, the Clerk of Court entered a default against Cunningham and Rosenbaum.

## II. ARGUMENT

Federal Rule of Civil Procedure 55(b)(2) allows the Court to enter a default judgment against a party. "It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Entry of a default judgment is warranted where a named defendant fails to respond to a civil complaint. *See, e.g., Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1069-72 (D. Ariz. 2006); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005); *Kidd v. Andrews*, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004); *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1105-07 (D. Kan. 1994).

Here, as in the above cases, Rosenbaum and Cunningham have failed to respond to the complaint or otherwise appear before this Court. Cunningham's responsive pleading is three-months overdue; Rosenbaum's is two-months overdo.

Notably, both Rosenbaum and Cunningham have been criminally charged in the United States District Court for the Western District of Michigan for alleged crimes that are relevant to their employment practices. *See* Indictment in *United States v. Rosenbaum, et al.*, 1:07-cr-00036-PLM (W.D. Mich.) (attached as Exhibit A). However, the pending criminal proceedings do not excuse Rosenbaum and Cunningham from defending against this civil wage and hour lawsuit. On the contrary, the pending criminal proceedings make Defendants' inaction even more inexcusable. Rosenbaum's and Cunningham's criminal lawyers have been made aware of Plaintiffs' request for a default, *see*, *e.g.*, Doc. 42 at Attachment 2, but even this has failed to prompt a response. It appears that Rosenbaum and Cunningham do not intend to defend against this lawsuit.

Plaintiffs have a right to pursue their wage and hour claims against Rosenbaum and Cunningham and to seek monetary damages. The failure of Rosenbaum and Cunningham to appear is inexcusable. A default judgment should be entered.

### III. CONCLUSION

Based on the above, the Court should sign and enter the accompanying proposed order entering a default judgment against Cunningham and Rosenbaum and scheduling a hearing during which Plaintiffs' damages can be determined.

Dated: September 30, 2007    /s/ Peter Winebrake
Peter Winebrake, Esq.
THE WINEBRAKE LAW FIRM, LLC
715 Twining Road, Suite 114
Dresher, PA 19025
(One of Plaintiffs' Co-Counsel)