IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEATRIZ JIMENEZ, ET AL., | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-1066 |
| ROSENBAUM-CUNNINGHAM, INC., | : | |
| ET AL. | : | |

**SURRICK, J.**                                                                                           **JANUARY  30 , 2009**

**MEMORANDUM & ORDER**

Presently before the Court is Defendants' Motion for Sanctions (Doc. No. 74). For the following reasons, the Motion will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiffs are sixty-five former employees of Rosenbaum-Cunningham International, Inc. ("Defendant RCI"). (*See* Am. Compl. ¶¶ 12-77.) Defendant RCI provides janitorial services to theme restaurants throughout the United States. (*Id.* ¶ 79.) Dave & Buster's, Inc. ("Defendant D&B"), is one of the theme restaurants that contracted for janitorial services with Defendant RCI. (*Id.* ¶ 81.) Plaintiffs have filed a Complaint alleging that Defendants RCI and D&B paid them less than the minimum wage and failed to pay them overtime under the applicable federal and state wage and hour laws. (*See* Am. Compl. ¶¶ 105, 113, 127.) Many of Defendants' employees were immigrant workers from Mexico. (*See id.* ¶¶ 11-76.)

On July 9, 2008, Defendant D&B served requests for production of documents and interrogatories on each of the twenty-four Plaintiffs who brought claims against Defendant D&B. (*See* Doc. No. 74 at 7.) On September 8, 2008, only seven of the twenty-four Plaintiffs had served Defendant D&B with discovery responses. (*Id.*) Counsel for Plaintiffs told Defendant

D&B that they had difficulty contacting the remaining Plaintiffs who had not served timely responses. (*Id.*) Consequently, Defendant D&B extended Plaintiffs' response deadline until September 23, 2008, to give Plaintiffs more time to respond. (*Id.*) Ten additional Plaintiffs responded to Defendant D&B's discovery requests by the extended September 23, 2008 deadline. (*Id.* at 8.) However, the following eight Plaintiffs did not respond to Defendant D&B's discovery requests by the extended deadline: (1) Jose Morales Lopez, who resides in Mexico; (2) Alfonso Orozco Lopez, who resides in Mexico; (3) Josue Ortiz Lopez, who resides in California; (4) Rafaela Carlos Medina, who resides in Texas; (5) Gustavo Rios Silverio, who resides in Texas; (6) Antonio Bruno Martinez, who resides in California; (7) Jose Martinez Velasco ("Velasco"), who resides in Mexico; and (8) Jose Francisco Ramirez Perez ("Ramirez Perez"), who resides in Mexico. (*See id.*; *see also* Am. Compl. ¶¶ 18-21, 28, 30, 33-34.)

On October 20, 2008, Plaintiffs' counsel told Defendant D&B that Velasco had already responded to the discovery requests and that Ramirez Perez was hospitalized and needed additional time to respond. (*See* Doc. No. 74 at 8.) As for the other six Plaintiffs (collectively, the "non-responding Plaintiffs"), Plaintiffs' counsel have asserted that they "do not expect to reach these individuals before the close of discovery" since Plaintiffs "have failed to keep their lawyers apprised of their whereabouts." (Doc. No. 75 at 7; *see also* Decl. of Nadia Hewka, Esq., ¶ 22, Nov. 10, 2008.) Plaintiffs' counsel took a number of steps to contact the non-responding Plaintiffs. For example, Plaintiffs' counsel called the non-responding Plaintiffs using the telephone numbers that Plaintiffs provided on the individual opt-in forms that they filed with the Court. (Hewka Decl. ¶ 8, Nov. 10, 2008.) Plaintiffs' counsel also called any updated telephone numbers that the non-responding Plaintiffs had provided since the lawsuit commenced. (*Id.*)

Four of the non-responding Plaintiffs had disconnected telephone numbers, so Plaintiffs' counsel "promptly sent" letters to their last known addresses in Spanish, "informing the individual D&B Plaintiff that they [sic] should contact us immediately." (*Id.* ¶¶ 9, 13.) Plaintiffs' counsel "sent pre-paid international phone cards" with letters to the non-responding Plaintiffs "who currently reside in Chiapas, Mexico, . . . to ensure that they would be able to call [Plaintiffs' counsel's] offices." (*Id.* at 3 n.4). Two non-responding Plaintiffs had operating telephone numbers but were not available. (*Id.* ¶ 13.) Plaintiffs' counsel therefore made telephone inquiries "into whether the individual . . . still lived at the address provided and whether any new contact information was available." (*Id.* ¶ 10.) When that was unsuccessful, Plaintiffs' counsel sent a letter "to the last known address . . . asking that they contact us immediately." (*Id.*) Typically, Plaintiffs' counsel "used the address provided on the individual opt-in form." (*Id.*) Two of those letters were returned to Plaintiffs' counsel indicating that the individual no longer resided at that address. (*Id.* ¶ 13.) All told, Plaintiffs' counsel "sent approximately fourteen letters to D&B Plaintiffs in an effort to contact D&B Plaintiffs and reply to D&B's discovery requests." (*Id.* ¶ 11.) It appears that, to date, none of the Plaintiffs at issue have responded to the letters from Plaintiffs' counsel. It also appears that none of these Plaintiffs have kept their counsel – or this Court – apprised of their whereabouts or current contact information. (*See* Decl. of Nadia Hewka, Esq., ¶¶ 5-7, Jan. 2, 2009.)

On October 24, 2008, Defendant D&B brought the instant motion for sanctions against the Plaintiffs who failed to respond to the discovery requests. (*See* Doc. No. 74.) Defendant D&B asks the Court to dismiss the claims of these Plaintiffs with prejudice as a sanction for their "blatant disregard . . . of their obligations under the Federal Rules of Civil Procedure." (Doc.

3

No. 74 at 8-9.) Plaintiffs assert that the claims of the non-responding Plaintiffs should be dismissed without prejudice and that the claims of Plaintiffs Velasco and Ramirez Perez should not be dismissed. (Doc. No. 75 at 2.)

On December 9, 2008, an Order was entered directing the non-responding Plaintiffs to file signed affidavits with the Court by December 29, 2008, explaining their failure to prosecute the case by failing to provide responses to discovery. (*See* Doc. No. 77 ¶ 1.) The non-responding Plaintiffs were warned that failure to comply with the Order would result in dismissal of their claims with prejudice. (*Id.*) The non-responding Plaintiffs did not comply with the Order and, to date, have not produced the discovery. Velasco and Ramirez Perez were subject to different provisions of the December 9th Order. Velasco was ordered to serve Defendant D&B with amended discovery responses and verified interrogatories on or before December 29, 2008, (*id.* ¶ 2), based in part on Plaintiffs' counsel's representation that they "mistakenly titled the responses of this specific D&B Plaintiff as attributable to 'Jose Martinez Garcia' when they should have been credited to 'Jose Martinez Velasco,'" (Hewka Decl. ¶ 19, Nov. 10, 2008). Velasco was therefore given time to amend his responses to reflect his correct name. (*See* Doc. No. 77.) Velasco has since complied with the Order and produced the discovery under his correct name, as required. (*See* Hewka Decl. ¶¶ 9-10, Jan. 2, 2009.)

Ramirez Perez was ordered to serve Defendant D&B with discovery responses by December 15, 2008, (*see* Doc. No. 77), based in part on representations by Plaintiffs' counsel that an earlier December 12, 2008 deadline would "provide Plaintiffs' counsel with sufficient time to locate him and obtain the responses," (*see* Doc. No. 75 at 3). On December 17, 2008, Plaintiffs' counsel submitted a letter stating they have "been unable to contact Plaintiff Jose

Francisco Ramirez Perez or produce responses to Defendant D&B's discovery requests as required in the Court's December 9 Order."[1] (Doc. No. 78 at 1.) Consequently, Ramirez Perez was ordered to file a signed affidavit with the Court by December 29, 2008, explaining his failure to prosecute the case. (*See* Doc. No. 79.) Ramirez Perez was also warned that failure to comply with the Order would result in dismissal of his claims with prejudice. (*See id.*) It appears that Ramirez Perez, like the non-responding Plaintiffs, has not produced the discovery or complied with the Court's Order that he explain the reasons for his failure to engage in discovery. (*See* Hewka Decl. ¶¶ 11-13, Jan. 2, 2009.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(d) provides that a court may sanction a party who, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d). In addition, Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." Fed. R. Civ. P. 41(b). Dismissal with prejudice is an extreme sanction that should only be used in "limited

---

[1] Plaintiffs' counsel filed two declarations that detail their "extensive efforts" to contact Ramirez Perez. (*See* Hewka Decl., ¶¶ 11-13, Jan. 2, 2009; Decl. of David Ureña, ¶¶ 4-11, Dec. 17, 2008.) Ramirez Perez has not provided Plaintiffs' counsel with his current telephone number. (Ureña Decl. ¶ 4.) Thus, Plaintiffs' counsel made "dozens of phone calls" to locate Ramirez Perez. (*Id.* ¶¶ 5-14.) These efforts culminated in Plaintiffs' counsel speaking with Ramirez Perez's sister, who provided the telephone numbers for Ramirez Perez's brother. (*Id.* ¶ 13.) Counsel called the telephone numbers a "total of 13 times and left 8 messages on the voice mail box corresponding to a cellular telephone number," but received no response. (*Id.* ¶ 14.) Additional efforts yielded no response. (*Id.* ¶ 15.) Although Plaintiffs' counsel submit that Ramirez Perez was hospitalized, Defendant D&B points out that Ramirez Perez's hospitalization did not occur until after the discovery deadline and extended discovery deadlines had passed. (*See* Doc. No. 76 at 2.) Plaintiffs' counsel do not dispute Defendant's assertion.

circumstances." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).  Dismissal with prejudice is appropriate, however, if a party fails to prosecute the action.  *See Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995) ("We have affirmed dismissal of an action as a sanction for . . . failure to prosecute."); *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974) ("Under Rule 41(b) . . ., as well as under the inherent power of the court, a case may be dismissed with prejudice for want of prosecution."); *see also Hoffman v. Corr. Med. Servs.*, No. 07-0261, 2008 WL 4960455, at *2 (D. Del. Nov. 18, 2008) ("Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action.").

The Third Circuit has set forth six factors to consider when evaluating dismissal for failure to prosecute:  (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim.  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  Courts must balance the factors and need not find that all of them weigh against the party to dismiss the action.  *Emerson*, 296 F.3d at 190.  Dismissal is appropriate even if some of *Poulis* factors are not satisfied.  *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998) ("Not all of these factors need be met for a district court to find dismissal is warranted."); *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.") (citations omitted).  Balancing under *Poulis* is unnecessary when a litigant's conduct makes adjudication of the case impossible.  *See Guyer v. Beard*, 907 F.2d 1424, 1429-30

(3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). Nevertheless, before we dismiss a case with prejudice, we must "provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte." *Briscoe*, 538 F.3d at 258.

## III.   DISCUSSION

Velasco complied with the Court's Order that he serve responses to Defendant D&B's outstanding discovery requests. Ramirez Perez and the non-responding Plaintiffs, on the other hand, have not served responses to Defendant D&B's outstanding discovery requests and have not complied with the Court's Order that they file affidavits that explain their reasons for failing to do so. Ramirez Perez and the non-responding Plaintiffs were given an opportunity to explain their reasons for failing to prosecute the case and were warned that their failure to comply with the Order would result in dismissal of their claims with prejudice. *See Briscoe*, 538 F.3d at 258. We will therefore consider the *Poulis* factors to determine whether to dismiss the claims of Ramirez Perez and the non-responding Plaintiffs with prejudice as a sanction for failure to prosecute. *See Poulis*, 747 F.2d at 868.

### A.   Extent of the Party's Personal Responsibility

Ramirez Perez and the non-responding Plaintiffs have "a responsibility to provide proper contact information" to their attorneys so that the attorneys can communicate with them and so that "delays in proceeding with this lawsuit can be avoided."[2] *Shim Cho v. Tomczyk*, No.

---

[2] This principle is embodied in Local Rule of Civil Procedure 5.1(b), which provides that a *pro se* party is required to notify the Clerk of Court of any address change within ten days of the change. Local R. Civ. P. 5.1(b). While Ramirez Perez and the non-responding Plaintiffs are not *pro se*, this fact does not obviate their obligation to keep their counsel informed of their whereabouts. *See Shim Cho*, 2007 WL 3254294, at *2 (dismissing case with prejudice where the

05-5570, 2007 WL 3254294, at *2 (E.D.N.Y. Nov. 2, 2007); *see also Hayes v. New Jersey*, No. 05-2716, 2006 WL 2135826, at *3 (D.N.J. July 28, 2006) (noting that plaintiff-inmate's "argument that he was transferred and did not receive this Court's prior Orders in this matter until later does not alleviate his obligation to notify the court of any change in address and to prosecute his action in a timely manner"); *Tellewoyan v. Wells Fargo Home Mortg.*, No. 05-4653, 2006 WL 2331108, at *2 (D.N.J. Aug.10, 2006) (dismissing actions when plaintiff failed to notify court of address change); *Dumpson v. Goord*, No. 00-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.").

Over six months have passed since Defendant D&B served Ramirez Perez and the non-responding Plaintiffs with discovery requests. If Ramirez Perez and the non-responding Plaintiffs had an interest in pursuing this action, we believe that six months is more than a reasonable amount of time for them to have contacted their counsel about their case. Plaintiffs' counsel have offered sworn affidavits detailing the extensive efforts that they made to obtain the discovery responses from Ramirez Perez and the non-responding Plaintiffs. (*See* Hewka Decl., Nov. 10, 2008; Ureña Decl.; Hewka Decl., Jan. 2, 2009.) Ramirez Perez and the non-responding

---

court "attempted to warn the plaintiff that noncompliance w[ould] result in dismissal" but plaintiff failed to keep his attorney apprised of his whereabouts); *see also Dumpson*, 2004 WL 1638183, at *3 ("Nor can [plaintiff] be spared dismissal on the ground that he did not actually receive the Court's order . . ., since he himself was responsible for the Court's inability to notify him."); *Mathews v.. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (dismissing complaint for failure to prosecute where plaintiff's not actually receiving the court order warning of dismissal could "only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address").

Plaintiffs did not respond to Plaintiffs' counsels' telephone calls or letters, even though counsel included pre-paid telephone cards for the Mexico-based Plaintiffs to use.  Only two letters were returned to Plaintiffs' counsel as undeliverable.  The failure of Ramirez Perez and the non-responding Plaintiffs to respond to the discovery requests, keep their counsel informed of their whereabouts, and comply with the Court's Order evidences willful conduct.  *See Felton v. UPMC Seneca Place*, No. 05-1774, 2006 WL 2850626, at *2 (W.D. Pa. Oct. 3, 2006) (balancing *Poulis* factors and dismissing action where "Plaintiff's counsel informed the Court that despite his diligent efforts to locate his client, he had been unable to do so and, therefore, obviously could not respond to or conduct discovery at that point," and finding that "Plaintiff's failure to provide contact information to her attorney or to otherwise communicate with him and failure to make herself available for the prosecution of her claims . . . weigh heavily against her").  The obligation of Ramirez Perez and the non-responding Plaintiffs to maintain contact with their counsel and with the Court is an "obvious minimal requirement for pursuing a lawsuit," *Dansby*, 1996 WL 172699, at *1, and their conduct makes "adjudication of the case impossible," *Guyer*, 907 F.2d at 1430.  Defendant D&B correctly observes that these Plaintiffs' "knowingly instituted an action in this Court and now are not present to prosecute it."  (Doc. No. 76 at 2.)  Accordingly, the personal responsibility of Ramirez Perez and the non-responding Plaintiffs weighs in favor of dismissal with prejudice.

      **B.**    **Prejudice to Defendant D&B**

The failure of Ramirez Perez and the non-responding Plaintiffs to contact their counsel and to comply with the Court's Order to explain their reasons for failing to prosecute has made it impossible for their counsel and this Court to determine their interest in pursuing this action.

Plaintiffs' counsel have asserted that "it is unlikely any further efforts to locate [the non-responding Plaintiffs] would prove successful," and co-counsel "are in complete agreement with this assessment." (Hewka Decl. ¶ 22.) Plaintiffs' counsel nevertheless contend that the claims of Ramirez Perez and the non-responding Plaintiffs should be dismissed without prejudice to renew the claims at an unspecified later date. It would be unfair to Defendant D&B for this litigation to continue indefinitely. Moreover, Defendant D&B has a right to prepare its defense through legitimate discovery and an interest in achieving a timely resolution of this matter, neither of which is served by Plaintiffs' inaction.[3] *See, e.g.*, *Martinez v. Passaic County Sheriff's Dep't*, No. 06-4070, 2008 WL 2242483, at *3 (D.N.J. May 30, 2008) (balancing *Poulis* factors and finding prejudice to the defense where plaintiff failed "to personally contact his counsel" and "made it impossible for . . . this Court to determine his interest in pursuing this action"). The prejudice to Defendant D&B weighs in favor of dismissal with prejudice.

---

[3] Plaintiffs attach a case to their response brief, *Evans v. Lowe's Home Centers, Inc.*, No. 03-0438, 2005 WL 2100708, at *1 (M.D. Pa. Aug. 29, 2005). Plaintiffs cite *Evans* for the general proposition that dismissal is an "extreme and drastic" sanction, but Plaintiffs do not explain why they attached this case to their response. (*See* Doc. No. 75 at 2.) *Evans* is not analogous or instructive under the circumstances here. *Evans* was a class action brought on behalf of the plaintiffs and those similarly-situated to plaintiffs. *See* 2005 WL 2100708, at *1. Because of the class-based nature of the claims, the court denied a motion to dismiss the claims with prejudice as a sanction for the failure of certain plaintiffs to engage in discovery. *Id.* at *1. The court reasoned that the "failure of individual plaintiffs to respond in a class-action such as this does not prejudice the defendant in the preparation of its case," and found, inter alia, that "[t]here has been no action from the court, either by way of an order compelling compliance or an order to show cause." *Id.* at *1-*2. The instant case is not a class action. The instant case is brought by individuals, and unlike the defendant in *Evans*, Defendant D&B has a keen interest in defending against the individual claims. Moreover, the Court ordered Ramirez Perez and the non-responding Plaintiffs to explain their failure to engage in discovery, and they failed to comply with that Order. The circumstances here are different from those in *Evans*, and for the reasons set forth in this Memorandum, our consideration of the *Poulis* factors compels a different result.

### C. History of Dilatoriness

During the six-month period since Defendant D&B served the non-responding Plaintiffs with discovery requests, Ramirez Perez and the non-responding Plaintiffs have not produced the requested discovery, have not asked Defendant D&B for an extension of time in which to respond, and have not contacted Plaintiffs' counsel with their address or whereabouts. Plaintiffs' counsel have made numerous telephone calls, made inquiry to the non-responding Plaintiffs' family members, and sent fourteen letters to the addresses of record, but Plaintiffs have not responded. Ramirez Perez and the non-responding Plaintiffs again did not respond even after this Court ordered them to explain their delay. This conduct evidences a history of dilatoriness and weighs in favor of dismissal with prejudice.

### D. Willful or Bad Faith Conduct

The willfulness of Ramirez Perez and the non-responding Plaintiffs "can be inferred," since notice has repeatedly been mailed to their addresses of record and they have not responded. *Williams v. Cambridge Integrated Srvs. Group*, No. 04-1971, 2005 WL 3557790, at *2 (E.D. Pa. Dec. 28, 2005) (*citing Henley v. Saddler*, No. 95-7736, 1996 WL 296528, at *3 (E.D. Pa. Jun. 3, 1996)). Either they moved without notifying their attorneys, or they disregarded the letters. We can infer willfulness from the failure of Ramirez Perez and the non-responding Plaintiffs to keep their counsel and the Court apprised of their whereabouts and contact information. Accordingly, this factor weighs in favor of dismissal with prejudice. *See, e.g.*, *Martinez*, 2008 WL 2242483, at *3 (balancing *Poulis* factors and finding that plaintiff made a "willful decision not to litigate this civil action" by failing "to have any contact with this Court").

### E. Effectiveness of Sanctions other than Dismissal

Sanctions other than dismissal would not be appropriate. Ramirez Perez and the non-responding Plaintiffs have failed to respond on their own accord. Counsel have been unable to contact them. Under these circumstances, an award of attorney's fees or other sanction is unlikely to compel them to comply with their discovery obligations and unlikely to deter similar conduct from happening in the future. *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. Nov. 2, 1994) (finding that "dismissal is the only appropriate sanction" where plaintiff "willfully disregarded a court order and has failed to prosecute his claim"). Ramirez Perez and the non-responding Plaintiffs have demonstrated a complete lack of interest in prosecuting this action. *See Martinez,* 2008 WL 2242483, at *3 (finding that "alternative sanctions would not be appropriate" where plaintiff "has demonstrated an apparent lack of desire to prosecute this civil action"). Accordingly, this factor also weighs in favor of dismissal with prejudice.

    F.    **Meritoriousness of Plaintiffs' Claim**

A claim is considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. Plaintiffs' claims have already survived Defendants' motion to dismiss. (*See* Doc. No. 50.) Thus, we cannot conclude that the claims of Ramirez Perez and the non-responding Plaintiffs are without merit at this stage. Neither is it clear that Ramirez Perez and the non-responding Plaintiffs would win at trial. This *Poulis* factor is therefore inconclusive. However, "no single *Poulis* factor is dispositive" and, as noted above, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263.

**IV.    CONCLUSION**

Ramirez Perez and the non-responding Plaintiffs have not responded to Defendant

Sanctions other than dismissal would not be appropriate. Ramirez Perez and the non-responding Plaintiffs have failed to respond on their own accord. Counsel have been unable to contact them. Under these circumstances, an award of attorney's fees or other sanction is unlikely to compel them to comply with their discovery obligations and unlikely to deter similar conduct from happening in the future. *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. Nov. 2, 1994) (finding that "dismissal is the only appropriate sanction" where plaintiff "willfully disregarded a court order and has failed to prosecute his claim"). Ramirez Perez and the non-responding Plaintiffs have demonstrated a complete lack of interest in prosecuting this action. *See Martinez,* 2008 WL 2242483, at *3 (finding that "alternative sanctions would not be appropriate" where plaintiff "has demonstrated an apparent lack of desire to prosecute this civil action"). Accordingly, this factor also weighs in favor of dismissal with prejudice.

    F.    **Meritoriousness of Plaintiffs' Claim**

A claim is considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. Plaintiffs' claims have already survived Defendants' motion to dismiss. (*See* Doc. No. 50.) Thus, we cannot conclude that the claims of Ramirez Perez and the non-responding Plaintiffs are without merit at this stage. Neither is it clear that Ramirez Perez and the non-responding Plaintiffs would win at trial. This *Poulis* factor is therefore inconclusive. However, "no single *Poulis* factor is dispositive" and, as noted above, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263.

**IV.    CONCLUSION**

Ramirez Perez and the non-responding Plaintiffs have not responded to Defendant

D&B's discovery requests and have failed to comply with the Court's Order that they explain the reasons for their failure, even after they were warned that failure to comply would result in dismissal of their claims with prejudice.  After examining the case in light of each of the *Poulis* factors, we conclude that dismissal under Rule 41(b) with prejudice is warranted.  For these reasons, we will dismiss with prejudice the claims of Jose Morales Lopez, Alfonso Orozco Lopez, Josue Ortiz Lopez, Rafaela Carlos Medina, Gustavo Rios Silverio, Antonio Bruno Martinez, and Jose Francisco Ramirez Perez.  We will not dismiss the claims of Jose Martinez Velasco.

  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEATRIZ JIMENEZ, ET AL., | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-1066 |
| ROSENBAUM-CUNNINGHAM, INC., | : | |
| ET AL. | : | |

**ORDER**

AND NOW, this  30th  day of January, 2009, upon consideration of Defendant Dave & Buster's, Inc., Motion for Sanctions (Doc. No. 74), and after providing the non-responding Plaintiffs with notice and an opportunity to be heard, it is ORDERED as follows:

1. Defendant's Motion for Sanctions against Plaintiffs Jose Morales Lopez, Alfonso Orozco Lopez, Josue Ortiz Lopez, Rafaela Carlos Medina, Gustavo Rios Silverio, Antonio Bruno Martinez, and Jose Francisco Ramirez Perez is GRANTED.

2. The claims of Plaintiffs Jose Morales Lopez, Alfonso Orozco Lopez, Josue Ortiz Lopez, Rafaela Carlos Medina, Gustavo Rios Silverio, Antonio Bruno Martinez, and Jose Francisco Ramirez Perez are DISMISSED with prejudice pursuant to Federal Rules of Civil Procedure 37(d) and 41(b).

3. Defendant's motion for sanctions against Plaintiff Jose Martinez Velasco is DENIED as moot.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge